UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| B.B., individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>LINCARE INC.,<br><br>          Defendant. | Case No: |

**DEFENDANT LINCARE'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Lincare Inc. ("Lincare" or "Defendant"), removes to the United States District Court for the Western District of Missouri the action filed by B.B. ("Plaintiff") in the 16th Judicial Circuit Court of Jackson County, Missouri at Independence, styled *B.B., individually and on behalf of all others similarly situated, v. Lincare Inc.*, Case No. 2216-CV16343 (the "State Court Action").

**JURISDICTION AND VENUE**

1.  This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d).

2.  This Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

**FACTUAL AND PROCEDURAL BACKGROUND**

3.  Plaintiff initiated the State Court Action by filling a Class Action Petition for Damages (the "Original Complaint") on July 25, 2022. However, the Original Complaint has

never been served on Lincare.  On September 9, 2022, Plaintiff filed a First Amended Class Action Petition for Damages (the "Amended Complaint") in the State Court Action.  Plaintiff filed both the Original Complaint and the Amended Complaint as a putative class action.

4. On September 21, 2022, Plaintiff served Lincare with a Summons and a copy of the Amended Complaint via process server.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed and served in the State Court Action are attached to this Notice of Removal as **Exhibit A**.

5. This removal is timely because this Notice of Removal is filed within 30 days of service of process on Lincare.  *See* 28 U.S.C. § 1446(b) (notice of removal shall be filed within 30 days of service); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

## CAFA JURISDICTION

6. This Court has original jurisdiction over this action under CAFA.  Section 1332(d) provides that a district court shall have original jurisdiction of a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million.  Section 1332(d) further provides that where, as here, the putative class members are citizens of the state in which the action was filed, the defendant must be a citizen of a different state.  § 1332(d)(1)-(2)(A).

7. As set forth below, pursuant to 28 U.S.C. § 1332(d) and § 1441(a), the State Court Action may be removed to federal court under CAFA because (a) this action is pled as a class action; (b) the putative class includes more than one hundred (100) members; (c) members of the

putative class are citizens of a state different from that of Lincare; and (d) the matter in controversy, in the aggregate, plausibly exceeds the sum or value of $5 million, exclusive of interest and costs.[1]

## THE ACTION IS PLED AS A CLASS ACTION

8.  CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9.  Plaintiff brings this action as a "class action" and seeks class certification under Missouri law pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure. (Am. Compl. ¶ 76). Because class action lawsuits under Missouri law are substantially similar to class actions under Federal Rule 23, the first CAFA requirement is satisfied. *See, e.g.*, *Frank v. Enviro-Tech Servs.*, 577 S.W.3d 163, 168 n. 4 (Mo. App. 2019) (Rule 52.08 is identical to Federal Rule 23); (Am. Compl. ¶ 76) ("Plaintiff brings this class action as a class action…").

## THE PUTATIVE CLASS INCLUDES AT LEAST ONE HUNDRED (100) MEMBERS

10.  Plaintiff alleges that "[o]n June 21, 2022, [Lincare] sent a letter to Plaintiff and members of the proposed Class to inform them of a wrongful disclosure of health information incident that impacted their PHI and PII." (Am. Compl. ¶ 24). Plaintiff further alleges that "[t]hat according to the letter, 'On September 26, 2021, Lincare identified unusual activity on certain systems within its network.'" (Am. Compl. ¶ 25). Plaintiff also contends that "[t]hird parties enjoyed unfettered access to Plaintiff's and the Class Members' PHI and PII for over three weeks before being stopped." (Am. Compl. ¶ 27). Plaintiff further claims that Lincare "disregarded Plaintiff's and the other Class Members' privacy and property rights by recklessly failing to take

---

[1] Lincare reserves the right to provide evidence in support of jurisdiction in the event Plaintiff seeks remand. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (if, after removal, plaintiff contests that CAFA jurisdictional requirements are satisfied, then "both sides submit proof and the court decides, by a preponderance of the evidence").

the necessary precautions required to safeguard and protect Plaintiff's and the other Class Members' PHI and PII from unauthorized disclosure." (Am. Compl. ¶ 5).

11. Plaintiff purports to bring this action on behalf of a class of Missouri citizens. (Am. Compl. ¶ 76). Plaintiff defines the putative class as "[a]ll Missouri citizens of Defendant (sic) since September 26, 2021, and whose PHI and/or PII was disclosed by Defendant to unauthorized third parties." (Am. Compl. ¶ 76). Plaintiff alleges that "[t]he putative Class is comprised of *tens of thousands* of individuals making joinder impracticable." (Am. Compl. ¶ 77) (emphasis added).

12. Thus, the number of alleged putative class members exceeds the statutorily required minimum of one hundred (100).

## MINIMAL DIVERSITY OF CITIZENSHIP EXISTS

13. Pursuant to 28 U.S.C. § 1332(d)(2)(A), the district courts shall have original jurisdiction of "a class action in which . . . *any member of a class of plaintiffs* is a citizen of a State different from *any defendant*." (emphasis added); *see also Abrego v. Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006) ("One way to satisfy minimal diversity is by demonstrating that any member of a class of plaintiffs is . . . a citizen or subject of a foreign state and any defendant is a citizen of a State.") (internal citations omitted).

14. As alleged in the Amended Complaint, Plaintiff "is an adult residing in Blue Springs, Jackson County, Missouri." (Am. Compl. ¶ 14). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Eckberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1086 (8th Cir. 2017) (domicile and citizenship are synonymous terms for purposes of federal jurisdiction). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of Missouri.

15.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id.* "The public often (although not always) considers it the corporation's main place of business." *Id.* at 1193.

16.  Lincare is incorporated in Delaware. Additionally, Lincare's "nerve center" is in Clearwater, Florida, where Lincare maintains its headquarters. Moreover, Lincare's officers direct, control, and coordinate corporate activities from Florida. Consequently, the principal place of business for Lincare is located in Florida. Because Lincare is incorporated in Delaware and maintains its principal place of business in Florida, Lincare is a citizen of Delaware and Florida for diversity jurisdiction purposes.[2]

17.  Minimal diversity of jurisdiction is established pursuant to CAFA because Plaintiff is a citizen of Missouri and Lincare is a citizen of Delaware and Florida.

18.  Furthermore, because Lincare is not a citizen of Missouri, the "local controversy" exception to CAFA is inapplicable. *See Kitchin v. Bridgeton Landfill, LLC*, 3 F.4th 1089, 1093

---

[2] Plaintiff's conclusory allegation in paragraph 15 of the Amended Complaint that "Lincare is, upon information and belief a Missouri Corporation with its headquarters in Clayton, St. Louis County, Missouri" is simply incorrect and alleges no facts in support of the "information and belief." As stated above, Lincare is a Delaware corporation with its principal places of business in Clearwater, Florida. Again, a corporation is deemed to be a citizen of any State in which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c). And because Lincare is incorporated in Delaware and maintains its principal place of business in Florida, Lincare is a citizen of Delaware and Florida (and not Missouri) for purposes of diversity jurisdiction.

(8th Cir. 2021) (the local controversy exception requires, *inter alia*, that at least one defendant "is a citizen of the State in which the action was originally filed" (quoting 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc)).

## THE AMOUNT IN CONTROVERSY EXCEEDS THE CAFA THRESHOLD

19. Where a complaint does not specify the amount of damages sought, as is the case with Plaintiff's Amended Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount-in-controversy is satisfied. The United States Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet the amount-in-controversy requirement. *Dart Cherokee*, 574 U.S. at 90. Evidence is not required under 28 U.S.C. § 1446(c)(2)(B) unless the Plaintiff challenges, or the Court questions, Lincare's allegations regarding the amount in controversy.[3] *Id.*

20. As demonstrated below, the allegations in the Amended Complaint make it more likely than not that the amount in controversy plausibly exceeds $5 million.[4]

21. When determining the amount in controversy, the question is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are. *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013). "[T]he amount

---

[3] By contending that the amount in controversy in this case is above $5 million, Lincare does not concede that it is liable to Plaintiff or the putative class and does not concede that damages or any other relief may be awarded. Lincare continues to reserve all of its rights, remedies, defenses and objections to the Amended Complaint.

[4] The amounts set forth in this Notice of Removal are solely for the purpose of establishing that the amount in controversy exceeds the $5 million threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Lincare denies liability, denies that Plaintiff is entitled to recover any amounts, and denies that a class can properly be certified in this matter.

in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Id.* (internal citation removed).

22. Plaintiff alleges that "those who are victimized by identity theft or identity fraud will incur an average fraud-related economic loss of $1,513 and incur an average of $354 of out-of-pocket expenses attempting to rectify the situation." (Am. Compl. ¶ 71). As set forth in paragraphs 32 and 77 of the Amended Complaint, Plaintiff also contends that the alleged data breach affected tens of thousands of Lincare's patients. Taken together, these allegations alone equate to, at a minimum, over $18 million of potential impact (10,000 x $1,867 ($1,513 + $354)), which is all that is needed for purposes of the amount in controversy requirement. To meet the removal criteria, there is no requirement for Lincare to add to these allegations or to speculate whether the pleaded "potential impact" should be considered actual impact to some degree, either now or in the future.

23. In addition to alleged damages for identity theft and/or identity fraud, the Amended Complaint also seeks recovery of other unspecified actual damages. (Am. Compl. ¶¶ 92, 98, 105, 113, 128, 134, 147, and Request for Relief). No allegations in the Amended Complaint allow Lincare to calculate the amount of these other alleged damages. However, Plaintiff's allegations regarding such damages further underscore that the amount in controversy plausibly exceeds $5 million.

24. Moreover, when the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in its calculation of the amount in controversy. *See, e.g., Slocum v. Gerber Prods. Co.*, No. 2:16-cv-04120-NKL, 2016 U.S. Dist. LEXIS 96479, at *13 (W.D. Mo. July 25, 2016). Thus, the Court can consider the amount of attorneys' fees in determining the amount in controversy. *Id.* Plaintiff is seeking attorneys' fees pursuant to

Plaintiff's Missouri Merchandising Practices Act ('MMPA") claim and in the Amended Complaint's Request for Relief (Am. Compl. ¶ 129; Request for Relief, p. 31).  Because attorneys' fees are recoverable under the MMPA in appropriate cases, attorneys' fees should therefore be included in analyzing the amount in controversy.  *See, e.g., Slocum*, 2016 U.S. Dist. LEXIS 96479, at *13.  Attorneys' fees, when added to the amounts discussed above, further increase the amount in controversy for alleged liability exposure above the jurisdictional minimum for removal.

25.     In sum, the diversity, class size, and amount in controversy requirements of CAFA are satisfied.  Lincare has properly removed the State Court Action to this Court.[5]

## NOTICE OF INTERESTED PERSONS

26.     Pursuant to Federal Rule of Civil Procedure 7.1, Lincare is filing a Notice of Interested Persons concurrently with this Notice of Removal.

## NOTICE

27.     As required by 28 U.S.C. § 1446(d), Lincare is providing written notice of the filing of this Notice of Removal to Plaintiff and are filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri at Independence.

---

[5] Although this Court is the proper venue for removal, Lincare does not concede that this is the proper venue to litigate this action.  Lincare intends to seek transfer of this action to the United States District Court for the Middle District of Florida, Tampa Division, under 28 U.S.C. § 1404(a).  Additionally, Lincare intends to seek dismissal of the Amended Complaint under Federal Rule of Civil Procedure Rule 12(b)(1) based on Plaintiff's lack of Article III standing. Lincare recognizes that the question of Article III standing is an evolving and unsettled area of the law (particularly in the context of data breach litigation) in light of several recent cases, including, without limitation, the United States Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).  However, because all the requirements for removal under CAFA are satisfied here for the reasons set forth above, Lincare possesses an objectively reasonable basis for removing this case to federal court notwithstanding that it intends to argue that Plaintiff lacks the Article III standing required to proceed in federal court.

- 9 -

**WHEREFORE** Lincare hereby removes the State Court Action from the Circuit Court of Jackson County, Missouri at Independence, and requests that further proceedings be conducted in this Court as provided by law.

Dated: October 20, 2022

POLSINELLI PC

*/s/ Brisa I. Wolfe*
AMY D. FITTS                           MO # 61460
BRISA I. WOLFE                         MO # 67028
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Fax: (816) 753-1536
afitts@polsinelli.com
bwolfe@polsinelli.com

*Attorneys for Defendant Lincare Inc*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 20, 2022, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will serve a copy of the filing on all counsel of record.

*/s/ Brisa I. Wolfe*
*Attorney for Defendant Lincare Inc*